KING, d.b.a. Special K Concrete Co., Appellee,

v.

PLASTER, Appellant.

[Cite as *King v. Plaster* (1991), 71 Ohio App.3d 360.]

Court of Appeals of Ohio,
Marion County.

No. 9-89-71.

Decided March 11, 1991.

*Michael King, pro se.*

*Steven E. Chaffin,* for appellant.

THOMAS F. BRYANT, Presiding Judge.

This is an appeal from a judgment entered in the Marion Municipal Court in which the defendant-appellant, Jerry Plaster, was ordered to pay $489.70 plus interest at ten percent per annum from the date of judgment and court costs for work performed by the plaintiff-appellee, Michael W. King, d.b.a. Special K Concrete Co.

On August 9, 1989, the plaintiff and the defendant entered into an oral contract for a concrete apron to be poured by the plaintiff on a parcel of land

owned by the defendant, located at 288 E. Center Street in Marion. On August 10, 1989, the work was completed and as allegedly agreed upon, payment of $825 was made by the defendant to the plaintiff. Also on August 10, 1989, the plaintiff signed a final waiver of lien relating to the work performed for $825.

Subsequently, the defendant was notified that the apron was six inches too narrow and failed to conform with the Marion City Codes. On August 18, 1989, the parties orally contracted for the plaintiff to provide some backhoe and concrete work at the defendant's property located at 288 E. Center Street and at another parcel located at 481 Delaware Avenue. The defendant alleges that while the work at 481 Delaware was successfully completed, the plaintiff's backhoe operator negligently removed all of the concrete sidewalk at 288 E. Center Street.

The defendant further alleges that as a result of plaintiff's supposed negligence, the plaintiff agreed to charge the defendant only for the cost of materials to replace the fifty feet of concrete sidewalk and that the defendant would be given a credit of $345 for his consulting services provided to the plaintiff.

On September 26, 1989, the plaintiff filed a complaint against the defendant in the Small Claims Division of Marion Municipal Court seeking $489.70 in damages for defendant's failure to pay under an oral contract. A trial on the complaint was held on October 31, 1989, resulting in judgment for the plaintiff entered November 28, 1989, from which judgment this appeal is taken.

On January 30, 1990, the defendant filed a motion in the trial court for extension of time to transmit the record because no transcript was available. Pursuant to App.R. 9(C), the defendant also requested additional time to prepare a statement of the evidence. That motion was granted on the same date. On February 1, 1990, an affidavit of the municipal court bailiff was filed stating that there was no record of the trial held on October 31, 1989. On February 6, 1990, the defendant filed a statement of the evidence, signed only by the defendant's counsel.

The defendant now asserts the following three assignments of error:

"I. The trial court errored [sic] in finding a single contract.

"II. The trial court errored [sic] in finding that defendant, appellee [sic] failed to perform under the contracts.

"III. The trial court errored [sic] in ruling that evidence of the final waiver of lien was not relevant."

App.R. 9 governs the record on appeal and, pursuant to subsection (B), where there is no record, a statement of the evidence may be prepared in

accordance with either subsection (C) or (D). Subsection (C) provides in pertinent part:

"Statement of the Evidence or Proceedings When No Report Was Made or When the Transcript Is Unavailable. If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. * * * [T]he statement and any objections or proposed amendments shall be forthwith submitted to the trial court for *settlement and approval.* The trial court shall act thereon prior to the time for transmission of the record pursuant to Rule 10, *and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal.*" (Emphasis added.)

App.R. 12 covers determination and judgment on appeal and provides the following regarding determination:

"(A) Determination. * * * The appeal shall be determined on its merits on the assignments of error set forth in the briefs required by Rule 16, *on the record on appeal as provided by Rule 9,* and, unless waived, on the oral arguments of the parties, or their counsel, as provided by Rule 21." (Emphasis added.)

In *State v. Schiebel* (1990), 55 Ohio St.3d 71, 81–82, 564 N.E.2d 54, 66, when considering the trial court's duties pursuant to App.R. 9, the Supreme Court of Ohio held as follows:

" 'The terms "approval" and "conforms to the truth" as employed by Appellate Rules 9(C), (D), and (E), mean that the trial court must first determine the accuracy and truthfulness of a proposed statement of the evidence or proceedings or an agreed statement and then approve it and sign it. This gives the trial judge the responsibility, duty, and authority to delete, add, or otherwise modify portions of a proposed statement so that it will conform to the truth and be accurate before he approves it.' " (Citing *Joiner v. Illuminating Co.* [1978], 55 Ohio App.2d 187, 195–196, 9 O.O.3d 340, 345, 380 N.E.2d 361, 366.)

In the case before us, the trial court failed to sign and, thus, we must presume, did not approve the statement of evidence filed by the defendant on February 6, 1990. In *Loescher v. Loescher* (Nov. 2, 1982), Allen App. No. 1–82–7, unreported, 1982 WL 6899, this court held that a statement of evidence which was submitted and approved by the referee was insufficient to meet the requirement of App.R. 9(C) that the statement of evidence be settled and approved by the trial court. Furthermore, in *Loescher,* this court concluded that said document did not achieve the formality, validity or authenticity of a statement of evidence conforming to App.R. 9(C).

In *State v. Bates* (Nov. 26, 1990), Union App. No. 14–89–19, unreported, 1990 WL 188140, this court considered a similar issue of a partial transcript pursuant to App.R. 9(B) and held as follows:

"When portions of the transcript necessary for resolution of the assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." (Citing *Knapp v. Edwards Laboratories* [1980], 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 220, 400 N.E.2d 384, 385.)

Furthermore, in *Ostrander v. Parker–Fallis Insulation Co.* (1972), 29 Ohio St.2d 72, 74, 58 O.O.2d 117, 119, 278 N.E.2d 363, 365, the court held that in the absence of a transcript, the court " 'has no alternative but to indulge the presumption of the regularity of the proceedings and the validity of the judgment in the trial court.' "

Here, the statement of evidence is not in conformance with App.R. 9(C) and, therefore, the defendant has not provided a transcript sufficient to demonstrate the errors claimed on appeal. We presume, therefore, the regularity of the proceedings in the court below.

Because appellant has claimed errors which can only be determined from a review of the evidence taken at trial, including the testimony and has failed to comply with App.R. 12(A), the defendant's assignments of error are overruled. The judgment of the Marion Municipal Court is affirmed.

*Judgment affirmed.*

HADLEY and SHAW, JJ., concur.