DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from the Sandusky Municipal Court decision awarding appellant damages in the amount of $1,228.35. This court affirms the decision of the trial court for the reasons that follow.
Appellant and appellee entered into a lease agreement whereby appellee agreed to rent a two-bedroom walk-up from appellant for the period starting May 1, 1999 to April 30, 2000 for the agreed rent of $525 per month. On June 14, 1999, appellant served appellee with a three day notice to vacate the premises due to the fact that appellee had failed to pay rent, had damaged the property, and had violated the maximum occupancy term in the lease. On July 12, 1999, a hearing was held on the issue of possession, and on July 20, 1999, a writ of restitution was issued against appellee. Then, on August 23, 1999, a second hearing was held to determine damages. At this time, the magistrate awarded appellant $1,450 in back rent, $70 in court costs, and $238.35 in other damages. After application of the $525 security deposit paid by appellee, the total damage award was $1,228.35. The court approved the magistrate's decision on August 24, 1999. Appellant now appeals the trial court's order, raising the following assignment of error:
"ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED WHEN IT RELEASED APPELLEE FROM HER OBLIGATION TO PAY RENT FOR THE REMAINDER OF HER LEASE TERM."
Preliminarily, there is no evidence in the record that appellant objected to the findings of fact or conclusions of law in the magistrate's decision. Civ.R. 53(E)(3)(b) states that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." As appellant did not file objections under Civ.R. 53, this court must affirm the decision of the trial court. See, State ex rel.Booher v. Honda of America Manufacturing, Inc. (2000), 88 Ohio St.3d 52,53.
In addition, the only record of the proceedings before the trial court is appellant's Proposed 9(C) Statement of Proceedings, which was not signed by the trial court. According to App.R. 9(C), a statement of evidence or proceedings must be settled and approved by the trial court. The Supreme Court has determined that the term approval in App.R. 9(C) means that "the trial court must first determine the accuracy and truthfulness of a proposed statement of the evidence or proceedings * * * and then approve it and sign it." State v. Schiebel (1990), 55 Ohio St.3d 71,81. When a trial court does not sign a proposed statement of evidence or proceedings, it is presumed that the trial court rejected the statement. King v. Plaster (1991), 71 Ohio App.3d 360, 362, Ramsey v.Maunz (October 25, 1996), Lucas App. No. L-96-026, unreported.
As the statement of proceedings did not conform to the requirements of App.R. 9(C), appellant has not provided this court with evidence supporting its assignment of error. Therefore, this court must presume the validity of the proceedings below and affirm the judgment of the trial court. Accordingly, appellant's assignment of error is found not well-taken.
On consideration whereof, the court finds that the appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Sandusky Municipal Court is affirmed. It is ordered that appellant pay court costs for this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ RICHARD W. KNEPPER, P.J.
 PETER M. HANDWORK, J. JUDGE, JUDGE, MARK L. PIETRYKOWSKI, J.
JUDGE, CONCUR.