DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Johnny McCullough, appeals from the judgment in the Medina Municipal Court denying his motion to suppress. We affirm.
Defendant was charged in the Medina Municipal Court on two separate counts: (1) possession of marijuana, in violation of Medina City Ordinance 513.03(A); and (2) possession of an open container, in violation of Medina City Ordinance 529.07. Prior to trial, Defendant moved to suppress the evidence obtained during the warrantless search and seizure of his person and his automobile and all of his statements. The trial court denied Defendant's motion to suppress on December 15, 2000. Following the court's denial of his motion, Defendant moved for reconsideration of his motion to suppress. The trial court also denied this motion.
On March 23, 2001, Defendant pled no contest to the possession of marijuana charge and the possession of an open container charged was nolled. The trial court sentenced him accordingly. Defendant timely appealed the trial court's denial of his motion to suppress raising two assignments of error, which we will address jointly for ease of review.
 ASSIGNMENT OF ERROR I The trial court erred in denying [Defendant's] motion to suppress evidence obtained in violation of the Fourth Amendment and the Ohio Constitution where the police had no reasonable and articulable suspicion that [Defendant] was engaged in criminal activity when they initiated an investigative stop of [Defendant] in his van parked on private property.
 ASSIGNMENT OF ERROR II The trial court erred in denying [Defendant's] motion to suppress evidence obtained in violation of the Fourth Amendment and the Ohio Constitution where the police arrested [Defendant] for a minor misdemeanor offense in violation of R.C. 2935.26.
In his first and second assignments of error, Defendant avers that the trial court erred in denying his motion to suppress on two grounds: (1) the police officers did not have a reasonable and articulable suspicion to initiate an investigative stop and search; and (2) his subsequent arrest was unlawful. We disagree.
"At a suppression hearing, the evaluation of the evidence and the credibility of witnesses are issues for the trier of fact." State v.Smith (1991), 61 Ohio St.3d 284, 288. Thus, an appellate court "is bound to accept factual determinations of the trial court made during the suppression hearing so long as they are supported by competent and credible evidence." State v. Searls (1997), 118 Ohio App.3d 739, 741. However, an appellate court's review of the trial court's application of law to those facts is de novo. Id. See, also, Ornelas v. United States
(1996), 517 U.S. 690, 699, 134 L.Ed.2d 911, 920.
In the instant case, the record includes only a partial transcript ofthe suppression hearing. The transcript contained in the record is only the cross-examination portion of an officer's testimony. Therefore, even if we agreed with Defendant's argument, we would be required to affirm. See Ostrander v. Parker-Fallis (1972), 29 Ohio St.2d 72, 74. Without a complete transcript of the relevant testimony necessary for our decision, we must presume the regularity of the proceedings in the trial court. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199; Kingv. Plaster (1991), 71 Ohio App.3d 360, 363. Accordingly, Defendant's first and second assignments of error are not well-taken.
Therefore, Defendant's first and second assignments of error are overruled. The judgment of the Medina Municipal Court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BATCHELDER, P.J., CARR, J. CONCUR