This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, the State of Ohio ("the State"), appeals from the judgment in the Wadsworth Municipal Court granting the motion to exclude evidence of Defendant, David Schwarz. We affirm.
On August 8, 2000, Sergeant Sheppard cited Defendant on three separate charges: (1) driving under the influence, in violation of R.C.4511.19(A)(1); (2) exceeding the legal blood alcohol concentration, in violation of R.C. 4511.19(A)(3); and (3) failing to stay within the marked lanes, in violation of R.C. 4511.33. Prior to trial, Defendant moved to exclude the State's evidence concerning Defendant's performance on the one leg stand test. On March 1, 2001, the trial court granted Defendant's motion. The State timely appealed raising two assignments of error, which we will consolidate for ease of review.
ASSIGNMENT OF ERROR I
 The trial court erred in ruling that strict compliance with the standardized testing procedures of the one leg stand test is required for testimony regarding that test to be admissible at the trial of a person charged with a violation of [R.C.] 4511.19(A)(1).
ASSIGNMENT OF ERROR II
 The trial court erred in ruling that an officers' [sic.] use of the word "down" instead of "out" during the instructions for the one leg stand test rendered that test inadmissible at trial.
In its assignments of error, the State avers that the trial court erred by determining that strict compliance with standardized testing procedures is a prerequisite to the admission of evidence regarding the one leg stand test.
A trial court has broad discretion to admit or exclude evidence. Statev. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Therefore, absent an abuse of discretion, an appellate court will not disturb a decision of a trial court. Id. at 182. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
An appellate court's review is restricted to the record provided by the appellant to the court. App.R. 9; App.R. 12(A)(1)(b). Accordingly, the appellant assumes the duty to ensure that the record, or the portions necessary for review on appeal, is filed with the appellate court. App.R. 9(B); Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19. See, also, App.R. 10(A); Loc.R. 5(A).
In the instant case, the record on appeal consists solely of a videotape of the trial proceedings. The videotape is insufficient to satisfy the requirements of App.R. 9(A), which states in pertinent part:
 A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and, for purposes of filing, need not be transcribed into written form. * * * When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs.
(Emphasis added). See, also, Loc.R. 5(A)(1)(b). The State provided this court with a certified videotape of the trial proceeding; however, it failed to provide a typed or printed transcript of the relevant portions of the proceeding, in accordance with the rule. Consequently, we do not have a sufficient record to review to determine whether the trial court abused its discretion.
Without a typed or printed transcript of the relevant portions of the hearing necessary to resolve the assigned errors, we must presume the regularity of the proceedings in the trial court, and affirm. Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199; King v. Plaster
(1991), 71 Ohio App.3d 360, 363. Accordingly, the State's first and second assignments of error are not well-taken.
The State's assignments of error are overruled. The judgment of the Wadsworth Municipal Court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
BATCHELDER, P.J. and WHITMORE, J. concur.