JOURNAL ENTRY AND OPINION
In this appeal appellants, Elvira and James Thornton, claim that the Lyndhurst Municipal Court (the trial court) erred in denying their separate Motions for Expungement of Record.[1] Upon review of the entire record, we affirm the judgment of the trial court.
On March 29, 1999, the trial court held an arraignment hearing, in which appellants were advised of their rights. Both appellants executed a waiver of right to counsel and then each of them entered pleas of no contest to identical charges of domestic violence in violation of Lyndhurst Municipal Code 636.17. Each charge was a first degree misdemeanor, which carried a possible term of incarceration.
In the case at bar, we have no record or transcript of the arraignment proceedings, nor does the praecipe indicate that it was requested. Through counsel, appellants have submitted, pursuant to App.R. 9(C), a Statement of Proceedings (Statement), in which it is stated that a hearing was held, but that no record/tape recording exists * * *. The Statement is signed by appellants' counsel, who acknowledged he was not present during their arraignment. Nonetheless, the Statement attempts to set forth the events that transpired during arraignment. Appellants rely on this Statement to support their claim that the only reason they entered no contest pleas was that the arraignment judge promised that their records would be expunged pursuant to R.C. 2953.31 et seq.
On September 13, 2000, appellants, through counsel, filed their motion for expungement pursuant to R.C. 2953.31. Then, on November 27, 2000, the trial court held a tape-recorded hearing on appellants' motion. During the hearing, the state objected to the motion, stating that R.C. 2953.31
had been amended, * * * to specifically exclude the sealing of records in cases of crimes of violence, which this obviously is, which are misdemeanors of the first degree. So it is our position that the Court is without authority to seal the records in this case under the statute.
Toward the end of the hearing the court invited appellants' counsel to submit a brief on the issue of whether the amendment to the statute would apply retroactively. The record shows counsel for appellants never filed a brief on this issue. On December 28, 2000, the trial court rendered its Order denying appellants' motion for expungement and, in the alternative, an oral motion to vacate appellants' pleas.[2] After their motion was denied, appellants returned and filed a motion to reconsider, which also was denied.
In their appeal, appellants present two assignments of error for our review.
 Assignment of Error No. 1 THE TRIAL COURT FAILED TO ADVISE APPELLANTS OF THEIR RIGHT TO COUNSEL WHEN THEY APPEARED UNREPRESENTED AT THE TIME OF ENTERING A NO CONTEST PLEA, AND APPELLANTS DID NOT MAKE A KNOWING AND INTELLIGENT WAIVER OF THEIR RIGHT TO COUNSEL
* * *
 Assignment of Error No. 2 THE TRIAL COURT ABUSED ITS' [sic] DISCRETION AS TO FINDING THAT THERE WAS NO MANIFEST OF [sic] INJUSTICE IN DENYING APPELLANTS' MOTION TO VACATE THEIR PLEAS
Because both of appellants' claimed errors relate to the proceedings during arraignment, we address them together.
Appellants acknowledge that they have not produced an actual record of the arraignment proceedings. The trial court, however, in its order denying appellants' motion for expungement, referred to a record:
 Testimony at the hearing indicated that the defendants were advised by the court of their right to expungement. In fact both the state and defendants agree that the prior judge at this court promised to expunge these charges one year after probations expired.
* * *
 Due to the change in the law, the defendants are now statutorily ineligible for sealing of their records of charges in these cases. Any order granting such a request would be void ab initio.
* * *
 In the alternative, defendants request to withdraw their previous pleas of no contest and enter a plea of not guilty to the charges.
* * *
 Their sole ground for withdrawal is the promise made by the previous judge and a silent record. The record, while not perfect is not silent and clearly reflects that rights were explained and waived. (Emphasis added.)
From this order we may conclude the record from the first hearing was available at least at the time of the second hearing. The record in the appeal, however, contains no transcription of the actual proceedings. Instead, pursuant to App.R. 9(C), appellants' counsel submitted a Statement, which claims that no record/tape recording exists * * *. The trial court, however, has not settled and approved the appellants' Statement.
App.R. 9(C), in part, states:
 If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee * * *. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval.
 The trial court shall act prior to the time for transmission of the record pursuant to App.R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal. (Emphasis added.)
App.R. 9(C) requires settlement and approval by the trial court of any statement of evidence or proceedings. State ex rel. Fant v. Trumbo (1986), 22 Ohio St.3d 207, 489 N.E.2d 1316. The Ohio Supreme Court has determined that the term approval in the rule means that the trial court must first determine the accuracy and truthfulness of a proposed statement of the evidence or proceedings * * * and then approve it and sign it. State v. Scheibel (1990), 55 Ohio St.3d 71, 81, 564 N.E.2d 54. If a trial court does not sign a proposed statement of evidence or proceedings, it is presumed that the trial court rejected the statement. Jackson Properties, Ltd. v. Pruden (May 19, 2000), Erie County App. No. E-99-067, unreported, 2001 Ohio App. LEXIS 2087 citing King v. Plaster (1991), 71 Ohio App.3d 360, 362, 594 N.E.2d 34.
The trial court has not provided this court with a settled and approved statement. We cannot proceed to review the merits of this appeal, by relying only upon appellants' Statement. Accordingly, appellants have not provided this court with the evidence necessary to support their assignments of error. Without a transcript of the arraignment proceedings or an approved statement by the trial court, we are missing the very evidence appellants ask us to review. Because critical portions of the record in this case are absent, we must presume the validity of the proceedings below, and affirm. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 400 N.E.2d 384; Jackson Properties, supra.
For all of the foregoing reasons, appellants' assignments of error are overruled and the judgment of the trial court is affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Lyndhurst Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J., and ANNE L. KILBANE, J., CONCUR.
[1] This appeal involves two separate cases which have been consolidated, Case No. 99 CRB 00200 (Elvira Thornton) and Case No. 99 CRB 00201 (James Thornton.)
[2] The motion to vacate was made orally by appellants' counsel during the November 27, 2000 hearing.