JOURNAL ENTRY AND OPINION
On March 29, 1999, the trial court held an arraignment hearing. Both appellants executed a written waiver of counsel and then each of them entered pleas of no contest to identical charges of domestic violence in violation of Lyndhurst Municipal Code 636.17. Each charge was a first degree misdemeanor, which carried a possible term of incarceration.
In their appeal, appellants present two assignments of error for our review.
 Assignment of Error No. 1 THE TRIAL COURT FAILED TO ADVISE APPELLANTS OF THEIR RIGHT TO COUNSEL WHEN THEY APPEARED UNREPRESENTED AT THE TIME OF ENTERING A NO CONTEST PLEA, AND APPELLANTS DID NOT MAKE A KNOWING AND INTELLIGENT WAIVER OF THEIR RIGHT TO COUNSEL
 Assignment of Error No. 2 THE TRIAL COURT ABUSED ITS' [sic] DISCRETION AS TO FINDING THAT THERE WAS NO MANIFEST OF [sic] INJUSTICE IN DENYING APPELLANTS' MOTION TO VACATE THEIR PLEAS
Because resolution of appellants' first assignment of error is dispositive of this appeal, we address it first. We find merit in appellants' claim that the trial court did not comply with the Criminal Rules. Accordingly, appellants' waiver of counsel and their subsequent guilty pleas are invalid and must be vacated.
Crim.R. 11(E) provides, in relevant part:
 In misdemeanor cases involving petty offenses the court * * * shall not accept [a] plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty.
Further, Crim.R. 44(B) and (C), together, provide that in petty offense cases a defendant must be fully advised of his right to counsel in open court before a waiver of counsel can be accepted. Crim.R. 22 requires that in petty offense cases all waivers of counsel shall be recorded. As noted in Garfield Heights v. Brewer (1984), 17 Ohio App.3d 216,479 N.E.2d 309, "[t]he requirements of the Criminal Rules are mandatory; all waivers of counsel must be made in open court and must be recorded." In Brewer, even though defendant had executed a written waiver of counsel, this court held that the signed waiver, without more, was insufficient to show compliance with the Criminal Rules. In Brewer, we held:
 Generally, the proceedings of the lower court are deemed to be correct. If there is no transcript of the proceedings and the error cannot be shown in the record, an appellant will not prevail. However, when confronted with the waiver of a constitutional, statutory or other substantial or fundamental right, such waiver must affirmatively appear in the record. (Citation omitted) Since the recording of waiver of counsel is mandatory, and the presumption is against a waiver of counsel, the city has the burden to show compliance with the rules.
In substance, we find both the facts and law set forth in Brewer
applicable to the case at bar. Unlike the situation in Brewer, however, appellant, in filing this appeal, submitted an App.R. 9(C) Statement of Proceedings, in which appellants stated that a hearing was held, but that "no record/tape recording exists * * *." Before filing their motions for reconsideration and modification of the record, appellants acknowledged that they had not produced an actual record of the arraignment proceedings. The trial court, however, in its order denying appellants' motion for expungement, referred to a record:
 Testimony at the hearing indicated that the defendants were advised by the court of their right to expungement. In fact both the state and defendants agree that the prior judge at this court promised to expunge these charges one year after probations expired.
* * *
 Due to the change in the law, the defendants are now statutorily ineligible for sealing of their records of charges in these cases. Any order granting such a request would be void ab initio.
* * *
 In the alternative, defendants request to withdraw their previous pleas of no contest and enter a plea of not guilty to the charges.
* * *
 Their sole ground for withdrawal is the promise made by the previous judge and a silent record. The record, while not perfect is not silent and clearly reflects that rights were explained and waived. (Emphasis added.)
Based on this statement from the court, we originally concluded[1]
the record from the first hearing was available despite appellants' claim that "no record/tape recording exists * * *." We also observed that the trial court never settled and approved appellants' 9(C) Statement.[2]State ex rel. Fant v. Trumbo (1986), 22 Ohio St.3d 207, 489 N.E.2d 1316
(App.R. 9(C) requires "settlement and approval" by the trial court of any statement of evidence or proceedings); State v. Scheibel (1990),55 Ohio St.3d 71, 81, 564 N.E.2d 54. Accordingly, we concluded that the trial court rejected the 9(C) Statement, and in doing so, implicitly indicated that a record did exist. Jackson Properties, Ltd. v. Pruden
(May 19, 2000), Erie County App. No. E-99-067, unreported, 2001 Ohio App. LEXIS 2087 citing King v. Plaster (1991), 71 Ohio App.3d 360, 362,594 N.E.2d 34. As a direct result of the trial court's failure to settle and approve the 9(C) Statement, this court determined that appellants had not provided this court with the evidence necessary to support their assignments of error. As required by law, we presumed the validity of the proceedings below and affirmed the judgement of the trial court. Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 400 N.E.2d 384; JacksonProperties, supra.
In their motions for reconsideration and modification of the record, however, appellants presented affirmative evidence that the trial court did not record the arraignment proceedings. For the first time in this appeal, this court learned from the trial court that "there is no form of record in this court other than what this Court sent to the Court of Appeals." (Motion for Modification of Record, attached transcript of proceedings held Dec. 19, 2001, p. 8.)[3] Because of the court's statement, our initial presumption about the "regularity of the proceedings below" dissipates and we must now conclude that the trial court did not create the record of arraignment required by the Criminal Rules.
A voluntary waiver of counsel must affirmatively appear in the record and the prosecution has the burden to show compliance with Crim.R. 22 and Crim.R. 44. Brewer, supra; City of Shaker Heightsv. Hunte (July 19, 2001), Cuyahoga App. No. 78768, unreported, 2001 Ohio App. LEXIS 3232.
Now that appellants have affirmatively established that the trial court did not record their waiver of counsel as required by Crim.R. 22 and Crim.R. 44(B) and (C), we find plain error. State v. Barnes (2001),94 Ohio St.3d 21. Appellants' written waiver of counsel is insufficient and, therefore, their waivers and subsequent guilty pleas were not entered knowingly, intelligently, and voluntarily.
The judgment of the trial court is reversed, appellants' convictions vacated and this matter remanded to the trial court.
It is, therefore, ordered that appellants recover of appellee their costs herein taxed.
It is ordered that a special mandate be sent to said Lyndhurst Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J., and ANNE L. KILBANE, J., CONCUR.
[1] Journal Entry and Opinion, dated December 13, 2001.
[2] In part, the rule states:
 If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee * * *. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App.R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal. (Emphasis added.)
[3] The City did not file any objection to this motion.