This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Stephen Williams ("Williams"), appeals from his conviction in the Wadsworth Municipal Court. We affirm.
On February 21, 2001, Deputy Troy Seibert filed a complaint alleging Williams violated a civil protection order in violation of R.C.2919.27(A)(1). The case proceeded to a jury trial, and the jury returned a guilty verdict. The trial court convicted Williams of violating the civil protection order and sentenced him to 180 days in prison. The trial court suspended 150 days of the prison sentence on the condition that Williams commit no similar offenses or any offense dealing with his ex-wife, Connie Williams, or his family for 1 year. This appeal followed.
Assignment of Error:
 THE JURY'S VERDICT IS NOT SUPPORTED BY SUFFICIENT EVIDENCE.
In his sole assignment of error, Williams challenges the sufficiency of the evidence. To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
An appellate court's review is restricted to the record provided by the appellant to the court. App.R. 9; App.R. 12(A)(1)(b). Accordingly, the appellant assumes the duty to ensure that the record, or the portions necessary for review on appeal, is filed with the appellate court. App.R. 9(B); Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19. See, also, App.R. 10(A); Loc.R. 5(A).
In the instant case, the record on appeal consists of a certified videotape of the trial proceedings. App.R. 9(A) provides in pertinent part:
 [a] videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and, for purposes of filing, need not be transcribed into written form. * * * When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs.
(Emphasis added). See, also, Loc.R. 5(A)(1)(b).
Williams provided this court with a certified videotape of the trial proceeding and attached to his brief a typed, partial transcript containing Connie Williams testimony and his Crim.R. 29 motion. However, Williams failed to attach a typed transcript containing the renewal of his Crim.R. 29 motion. This court has held that if a defendant fails to renew his motion for acquittal the defendant "has not preserved [the] issue on appeal." State v. Childress (June 29, 1988), Lorain App. No. 4320, unreported, at 3. Williams failed to provide a typed transcript of the necessary portions of the proceeding. Accordingly, we do not have a sufficient record to review Williams' assigned error.
Without a typed or printed transcript of the relevant portions of the hearing necessary to resolve the assigned errors, we presume the regularity of the proceedings in the trial court, and affirm. Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199; King v. Plaster
(1991), 71 Ohio App.3d 360, 363. Williams' assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
SLABY, P.J., CARR, J. CONCUR.