This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, the State of Ohio ("the State"), appeals from the judgment of the Wadsworth Municipal Court which granted the motion to suppress of Defendant, Joseph L. Bethune. We affirm.
{¶ 2} On April 22, 2002, Defendant was cited with seven separate charges: 1) driving under the influence, in violation of R.C.4511.19(A)(1); 2) driving under a non-compliance suspension, in violation of R.C. 4507.02(B)(1); 3) driving under a court suspension, in violation of R.C. 4507.02(D)(1); 4) driving under a license forfeiture suspension, in violation of R.C. 4507.02(D)(1); 5) driving under a twelve point suspension, in violation of R.C. 4507.02(D)(1); 6) driving with a reinstatement fee required, in violation of R.C. 4507.02(C); and 7) failure to control, in violation of section 331.34 of the Codified Ordinances of the City of Wadsworth. Defendant pled not guilty to all charges.
{¶ 3} Subsequently, Defendant filed a motion to suppress the State's evidence. A hearing was held and the trial court granted the motion. All evidence obtained from the warrantless seizure of Defendant was suppressed. The State timely appealed raising two assignments of error which will be consolidated for ease of review.
 ASSIGNMENT OF ERROR I "The trial court erred by granting [Defendant's] motion to suppress evidence when he lacked standing to raise the issue of a Fourth Amendment violation."
 ASSIGNMENT OF ERROR II "The trial court erred by expanding the `strict waiver' standard to consent searches."
{¶ 4} In its assignments of error, the State argues that the court's ruling would essentially require law enforcement authorities to obtain not only voluntary consent to warrantless searches, but also knowing consent. Moreover, the State asserts that Defendant lacked standing to raise Fourth Amendment issues. For the reasons stated below, we affirm the decision of the trial court.
{¶ 5} An appellate court's review is restricted to the record provided by the appellant to the court. App.R. 9; App.R. 12(A)(1)(b). Accordingly, the appellant assumes the duty to ensure that the record, or the portion necessary for review on appeal, is filed with the appellate court. App.R. 9(B); Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,19. See, also, App.R. 10(A); Loc.R. 5(A).
{¶ 6} In the instant case, the record on appeal consists solely of the certified videotape of the motion to suppress hearing. However, the videotape is insufficient to satisfy the requirements of App.R. 9(A), which states in part:
 "A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and, for purposes of filing, need not be transcribed into written form. *** When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs."
(Emphasis added.) See, also, Loc.R. 5(A)(1)(b).
{¶ 7} Although the State provided a certified videotape of the hearing, it has not provided this Court with a typed or printed transcript of the relevant portions of the proceeding, in accordance with the rule. Consequently, we do not have an adequate record to review in determining whether the trial court's decision was in error. Without the printed portions of the hearing, which are necessary to resolve the alleged errors, we must presume the regularity of the proceedings in the trial court and affirm. See State v. Schwarz, 9th Dist. No. 3176-M,2001-Ohio-1731, at 3, citing Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199 and King v. Plaster (1991), 71 Ohio App.3d 360,363. Accordingly, the State's first and second assignments of error are not well-taken.
{¶ 8} The State's assignments of error are overruled. The judgment of the Wadsworth Municipal Court is affirmed.
WHITMORE, J. and BATCHELDER, J. CONCUR