[Cite as *Mays v. Olivito*, 2012-Ohio-5467.]

STATE OF OHIO, CARROLL COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

PAUL K. MAYS,                               )
                                            )
        RELATOR,                            )
                                            )
V.                                          )        CASE NO. 12-CA-880
                                            )
JUDGE DOMINIC E. OLIVITO,                   )              OPINION
                                            )               AND
        RESPONDENT.                         )        JUDGMENT ENTRY

CHARACTER OF PROCEEDINGS:        Petition for Writ of Procedendo

JUDGMENT:                        Dismissed

APPEARANCES:
For Relator                      Paul K. Mays
                                 6135 Canton Rd. #B
                                 Carrollton, Ohio 44615

For Respondent                   Attorney Donald R. Burns, Jr.
                                 Attorney Steven D. Barnett
                                 Office of the Prosecuting Attorney
                                 7 Eat Main Street
                                 Carrollton, Ohio 44615

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: November 21, 2012

PER CURIAM.

{¶1} Relator, Paul Mays, has filed a pro se petition for a writ of procedendo asking this court to compel respondent, Carroll County Common Pleas Court Judge Dominick Olivito, to approve a statement of evidence under App.R. 9 to support his appeal of a case in which a civil stalking protection order had been issued against him. In response, counsel for Judge Olivito has filed a motion to dismiss the petition.

{¶2} On March 15, 2011, Judge Olivito issued an ex parte civil stalking protection order against Mays under R.C. 2903.214 and set a hearing for March 29, 2011. *McKnight v. Mays*, Carroll C.P. No. 2011DRH26692 (Mar. 15, 2011). Mays was personally served with the action and given notice of the hearing. On the date set for the hearing, May executed a written waiver of his right to a full hearing on the petition. Judge Olivito issued the protection order on March 30, 2011, effective until September 1, 2011.

{¶3} Thereafter, Mays filed separate motions to dismiss and vacate the protection order, both of which Judge Olivito overruled. Mays then filed a notice of "intent to" appeal on July 21, 2011, and notice of appeal on August 4, 2011, both well after the expiration of the 30 days in which he had to perfect his appeal of the March 30, 2011 protection order. App.R. 4(A). The appeal was assigned case number 11 CA 876.

{¶4} Following the filing of his notice of appeal, the docket reflects that the court reporter certified that there was no transcript for March 29, 2011, indicating that the case had been settled by "consent" agreement.

{¶5} On February 28, 2012, Mays filed in the trial court (presided over by Judge Olivito) a statement of proceedings in lieu of transcript pursuant to App.R. 9. According to his petition for a writ of procedendo, Judge Olivito has yet to approve or otherwise rule upon his statement of proceedings.

{¶6} A writ of procedendo is appropriate when "a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment." *State ex rel. Weiss v. Hoover* (1999), 84 Ohio St.3d 530, 532, 705 N.E.2d 1227. The criteria for relief in procedendo are well-established. The relator must demonstrate: (1) a clear legal right to proceed in the underlying matter; and (2) the lack of an adequate

remedy in the ordinary course of the law. *State ex rel. Charvat v. Frye,* 114 Ohio St.3d 76, 868 N.E.2d 270, 2007-Ohio-2882, ¶13.

**{¶7}** App.R. 9 provides that appellant must submit a transcript of the trial court proceedings they deem necessary to the appellate court. If no transcript is available, App.R. 9(C) and (D) provide alternatives for the appellant. In this case, Mays attempted to avail himself of App.R. 9(C) which addresses the situation where no transcript or recording is available:

> If no recording of the proceedings was made, if a transcript is unavailable, or if a recording was made but is no longer available for transcription, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. *The statement shall be served on the appellee* no later than twenty days prior to the time for transmission of the record pursuant to App.R. 10 and the appellee may serve on the appellant objections or propose amendments to the statement within ten days after service of the appellant's statement; these time periods may be extended by the court of appeals for good cause. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App. R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal.

(Emphasis added.)

**{¶8}** Here the record does not reflect that Mays served his proposed statement of the evidence on appellee as required by App.R. 9(C). Such an attempt to evade the directives and intent of the rule by failing to serve the statement on appellee deprives the statement of any validity under App.R. 9. *Gravill v. Gravill*, 8th Dist. No. 43070, 1981 WL 4966 *3. (May 21, 1981). Additionally, a reviewing court must presume that a trial court did not approve the statement of evidence if the trial

court fails to sign the statement. *King v. Plaster*, 71 Ohio App.3d 360, 362, 594 N.E.2d 34 (3d Dist.1991). Consequently, due to his failure to comply with App.R. 9, Mays has failed to demonstrate a clear legal right to proceed in the underlying matter and his petition is dismissed.

**{¶9}** Costs taxed against Mays. Final order. Clerk to serve notice as provided by the Civil Rules.

Donofrio, J. concurs.

Waite, P.J. concurs.

DeGenaro, J. concurs.