**In re LOMELI.***

[Cite as *In re Lomeli* (1995), 106 Ohio App.3d 242.]

Court of Appeals of Ohio,
Third District, Putnam County.

No. 12–95–7.

Decided Sept. 27, 1995.

*Sanchez Law Office* and *D. Jean Sanchez,* for appellant Victor Lomeli.

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1996), 74 Ohio St.3d 1525, 660 N.E.2d 744.

*Daniel R. Gerschutz,* Putnam County Prosecuting Attorney, and *Gary L. Lammers,* Assistant Prosecuting Attorney, for appellee.

———————

SHAW, Judge.

This appeal, having been heretofore placed on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Loc.R. 12. Pursuant to Loc.R. 12, we hereby elect to issue a full opinion in addition to a judgment entry.

Appellant, Victor Lomeli, appeals from the judgment of the Court of Common Pleas of Putnam County, Juvenile Division, finding him to be a delinquent child. The record reveals that in January 1995 appellant, age seventeen, was charged with causing or contributing to the unruliness of a minor, Brandi Schroeder, in violation of R.C. 2919.24(A)(1) and 2151.02, trespassing in violation of R.C. 2911.21 and 2151.02, and violating curfew under Village of Leipsic Ordinance 132.13 and R.C. 2151.022. On March 3, 1995, appellant filed a motion to dismiss the charges, and the juvenile court dismissed the charge of trespassing.

An adjudicatory hearing was subsequently held on the remaining charges. In its April 3, 1995 entry, the trial court found that the appellant had contributed to the unruliness of a minor, Brandi Schroeder, by tending to cause her not to subject herself to the reasonable control of her parents and that appellant had violated the curfew restrictions of the village of Leipsic. The court then found appellant to be a delinquent child under R.C. 2151.02 and an unruly child under R.C. 2151.022. A dispositional hearing followed on April 26, 1995.

Appellant now appeals the juvenile court's finding that he was a delinquent child and raises three assignments of error. For his first assignment of error, appellant asserts:

"The Juvenile Court failed to dismiss the underlying misdemeanor charge of the complaint of violating Ohio Revised Code Section 2919.24, contributing to the delinquency or unruliness of a child, for failure to state a charge, in violation of the statute itself, Ohio Revised Code Section 2919.24."

In support of his assignment of error, appellant argues that the juvenile court should have dismissed the underlying charge of contributing to Brandi's unruliness in violation of R.C. 2919.24, which supports his delinquency conviction, because a minor cannot be charged with contributing to the unruliness of another minor. As set forth in R.C. 2151.02, the statutory definition of a "delinquent child" includes any child "[w]ho violates any law of this state, * * * which would be a crime if committed by an adult" with a certain exception not applicable herein. R.C. 2919.24 provides that:

"(A) No person shall do either of the following:

"(1) Aid, abet, induce, cause, encourage, or contribute to a child * *, * becoming an unruly child * * * or a delinquent child * * *;

" * * *

"(B) Whoever violates this section is guilty of contributing to the unruliness or delinquency of a child * * *."

The statute does not limit its application to adults only, but rather uses the term "person" and states that "whoever" violates the statute is guilty of contributing to the unruliness of a child. See *In re Popovich* (Jan. 29, 1993), Belmont App. No. 91–B–5, unreported, 1993 WL 19619. Based on the foregoing, we overrule the appellant's first assignment of error.

Appellant's remaining assignments of error will be addressed together and they provide as follows:

"The State failed to adduce sufficient evidence to prove beyond a reasonable doubt that Victor Lomeli contributed to the unruliness of Brandi Schroeder.

"The Juvenile Court's adjudication that Victor Lomeli contributed to Brandi Schroeder's unruliness is against the manifest weight of the evidence."

After the adjudicatory hearing, the trial court filed an entry which stated that upon the evidence presented at the hearing the judge found that the appellant contributed to Brandi's unruliness. In the instant appeal of that judgment, the appellant filed a statement and praecipe which stated that in lieu of the record on appeal an agreed statement of the case would be submitted pursuant to App.R. 9(D). In his brief, appellant states that the parties have stipulated to the evidence of this case in lieu of a transcript, which the appellee has denied.

App.R. 9, which governs the record on appeal, provides that a statement may be prepared in accordance with either subsection (C) or (D), which state as follows:

"(C) Statement of the evidence or proceedings when no report was made or when the transcript is unavailable. If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App.R. 10, who may serve objections or propose amendments to the statement within ten days after service. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmis-

sion of the record pursuant to App.R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal.

"(D) Agreed statement as the record on appeal. In lieu of the record on appeal as defined in division (A) of this rule, the parties, no later than ten days prior to the time for transmission of the record pursuant to App.R. 10, may prepare and sign a statement of the case showing how the issues presented by the appeal arose and were decided in the trial court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the issues presented. If the statement conforms to the truth, it, together with additions as the trial court may consider necessary to present fully the issues raised by the appeal, shall be approved by the trial court prior to the time for transmission of the record pursuant to App.R. 10 and shall then be certified to the court of appeals as the record on appeal and transmitted to the court of appeals by the clerk of the trial court within the time provided by App.R. 10."

In the instant case, there was no statement submitted in the record on appeal as referred to above. Furthermore, the parties' statement of the facts as recounted in their briefs does not achieve the formality, validity or authenticity of a statement of evidence conforming to App.R. 9. Because both of the appellant's assignments of error challenge the sufficiency of the evidence presented at the trial, we have no choice in the absence of a transcript or a statement conforming to App.R. 9 but to presume the validity of the court's judgment. See *King v. Plaster* (1991), 71 Ohio App.3d 360, 594 N.E.2d 34. Accordingly, both of the appellant's assignments of error are overruled, and the judgment of the juvenile court is affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT, P.J., and EVANS, J., concur.