This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Edward Wilson appeals from his adjudication as a delinquent child in the Lorain County Court of Common Pleas, Juvenile Division. We affirm.
On November 20, 1997, a complaint was filed in the juvenile court, alleging that Wilson was delinquent for having committed a crime that, if committed by an adult, would constitute burglary, a second degree felony, in violation of R.C. 2911.12(A)(1), and for violating the conditions of probation imposed for an earlier delinquency adjudication. On December 11, 1997, a hearing was held pursuant to Juv.R. 29. Wilson waived his right to counsel and entered a plea of denial to the charges against him.
At a pre-trial hearing on December 30, 1997, Count I of the complaint was amended to allege a violation of R.C. 2911.12(A)(3), a third degree felony, and Wilson changed his plea to an admission of the charges against him. At a dispositional hearing held on January 30, 1998, the juvenile court imposed probation on the burglary charge and reimposed probation on the prior charge. Wilson was placed in a day treatment program to help him with his behavioral problems.
On April 24, 1998, a hearing was held before the juvenile court. During the hearing, evidence was produced that Wilson had violated his probation. After taking evidence and addressing Wilson, the juvenile court revoked probation on the burglary charge and committed him to the Department of Youth Services for a period of at least six months, with a maximum commitment until he attained the age of twenty-one. This appeal followed.
Wilson asserts three assignments of error. We will address them together.
 First Assignment of Error
THE TRIAL COURT ERRED IN DENYING EDWARD WILSON'S RIGHT TO COUNSEL UNDER THE DUE PROCESS CLAUSE OF THE FIFTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION, R.C. 2151.352 AND JUV.R. 4(A) AND 29(B).
 Second Assignment of Error
THE TRIAL COURT ERRED IN VIOLATION OF EDWARD WILSON'S HICKS' [sic] DUE PROCESS RIGHTS UNDER THE FIFTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION, R.C. 2151.352 AND JUV.R. 4(A) AND 29(B) BY FAILING TO COMPLY WITH JUV.R. 29(B).
 Third Assignment of Error
THE TRIAL COURT ERRED BY ACCEPTING EDWARD WILSON'S ADMISSION WITHOUT DETERMINING WHETHER IT WAS MADE WITH AN UNDERSTANDING OF THE ALLEGATIONS AND THE CONSEQUENCE OF ADMISSION, THEREBY RENDERING THE PLEA NOT VOLUNTARY, KNOWING, NOR INTELLIGENT, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION SIXTEEN OF THE OHIO CONSTITUTION AND JUVENILE RULE 29.
In the first assignment of error, Wilson argues that his waiver of counsel was not voluntary, knowing, and intelligent. In his second assignment of error, Wilson argues that the juvenile court failed to comply with all of the requirements of Juv.R. 29(B). He argues in the third assignment of error that his plea of admission to the burglary charge was not voluntary, knowing, and intelligent.
Under R.C. 2151.352 and Juv.R. 4(A), a juvenile is entitled to representation by counsel at all stages of a delinquency proceeding. Juv.R. 29 governs adjudicatory hearings before a juvenile court. Juv.R. 29(B) requires the juvenile court to perform certain duties at the beginning of an adjudicatory hearing:
 (1) Ascertain whether notice requirements have been complied with and, if not, whether the affected parties waive compliance;
 (2) Inform the parties of the substance of the complaint, the purpose of the hearing, and possible consequences of the hearing, including the possibility that the cause may be transferred to the appropriate adult court under Juv.R. 30 where the complaint alleges that a child fifteen years of age or over is delinquent by conduct that would constitute a felony if committed by an adult;
 (3) Inform unrepresented parties of their right to counsel and determine if those parties are waiving their right to counsel;
 (4) Appoint counsel for any unrepresented party under Juv.R. 4(A) who does not waive the right to counsel; [and]
 (5) Inform any unrepresented party who waives the right to counsel of the right: to obtain counsel at any stage of the proceedings, to remain silent, to offer evidence, to cross-examine witnesses, and, upon, request, to have a record of all proceedings made, at public expense if indigent.
If a juvenile enters an admission, the juvenile court must further comply with Juv.R. 29(D):
 The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 (1) The party is making the admission voluntarily with the understanding of the nature of the allegations and the consequences of the admission;
 (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
A juvenile court will not be reversed so long as it substantially complies with the requirements of Juv.R. 29. In re Beechler
(1996), 115 Ohio App.3d 567, 572.
Upon a review of the record, we find that there is no transcript of either the December 11, 1997 hearing, when the waiver of the right to counsel was made, or the December 30, 1997 hearing, when Wilson changed his plea to admission to the charges. Apparently, no record of these hearings was made. Wilson has also failed to utilize the alternatives set forth in App.R. 9(C) and (D) to produce a record of what occurred during these two hearings. It is the appellant's duty to provide a record of the lower court's proceedings that is necessary to determine his appeal. State v. Bishop (July 19, 1995), Summit App. No. 16988, unreported, at 3. This is true even if, through no fault of an appellant, a verbatim transcript of the proceedings below is not available. See id. In the absence of a transcript or an App.R. 9 substitute, we have no alternative but to presume regularity in the lower court's proceedings and affirm. In re Lomeli (1995),106 Ohio App.3d 242, 245.
Wilson argues that regularity cannot be presumed in these instances. However, "[a] party, having the duty of instituting the preparation of a record for the purpose of appeal, may not sit idly by and then predicate reversal upon the basis of a `silent record.'" E. Cleveland v. Dragonette (1972), 32 Ohio St.2d 147,149. We lack a record to review whether the juvenile court committed error. Accordingly, we must overrule Wilson's assignments of error.
Wilson's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
FOR THE COURT
CARR, J.
WHITMORE, J.
CONCUR