DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Kevin Sunde, appeals from the judgment of the Medina Municipal Court, which adopted the magistrate's decision and granted judgment in favor of Appellee, Dennis Kent, dba D.K. Construction. We affirm.
 I. {¶ 2} In February 1998, Mr. Sunde, who resides in Medina, Ohio, in Medina County, engaged the services of Mr. Kent, dba D.K. Construction, to perform work on Mr. Sunde's residence. D.K. Construction has its principal place of business in Burbank, Ohio. However, a dispute arose over performance and payment for these services, which gave rise to this appeal.
 {¶ 3} On June 21, 2001, Mr. Sunde filed a complaint asserting a breach of contract claim. On August 10, 2001, Mr. Kent filed an answer and counterclaim, asserting claims for breach of contract, action on account, unjust enrichment, tortious interference, and intentional infliction of emotional distress.
 {¶ 4} On November 16, 2001, Mr. Kent filed a motion for summary judgment; Mr. Sunde responded to this motion. On April 17, 2002, pursuant to a trial court referral, a magistrate issued a decision that denied Mr. Kent's motion for summary judgment, stating that a factual dispute remained. Objections to the magistrate's decision were not filed, and the trial court thereafter issued a judgment entry that adopted the magistrate's decision and denied Mr. Kent's motion for summary judgment. On June 26, 2002, the magistrate issued a pretrial order that noted that the parties agreed that the issues for trial on the matter were narrowed to those raised in Mr. Sunde's complaint, the defenses raised, and Mr. Kent's claims for breach of contract, action on account, and unjust enrichment.[1]
 {¶ 5} A trial was held on September 26, 2002. On January 29, 2003, the magistrate issued a decision that entered judgment in favor of Mr. Kent on his breach of contract and unjust enrichment claims, and dismissed the remaining counts in Mr. Kent's counterclaim. The magistrate also entered judgment against Mr. Sunde on his complaint. The magistrate specifically found that certain proposals drafted were intended to evidence a contract in this case, and that the contract was a fixed price contract. Mr. Sunde filed objections to the magistrate's decision.[2]
 {¶ 6} On March 12, 2003, the trial court issued a judgment entry in which it adopted the magistrate's decision. The court stated, that, after reviewing the magistrate's decision and all exhibits admitted into evidence, it adopted the magistrate's findings of fact and conclusions of law. The trial court specifically found a breach of contract on Mr. Sunde's part, and that Mr. Kent had substantially performed under this contract.
 {¶ 7} On April 8, 2003, Mr. Sunde appealed to this Court from the trial court's judgment that adopted the magistrate's findings of fact and conclusions of law. On May 28, 2003, Mr. Sunde filed a motion for an App.R. 9 statement of facts with the trial court, and submitted a proposed statement, pursuant to App.R. 9(C), for the trial court's approval. On June 6, 2003, Mr. Kent filed a memorandum in opposition to Mr. Sunde's motion for an App.R. 9 statement of facts, and moved the court to issue its own statement of evidence pursuant to App.R. 9(E). On August 21, 2003, the trial court issued a statement of facts pursuant to App.R. 9(E).
 {¶ 8} Mr. Sunde timely appealed, asserting four assignments of error for review. We address Mr. Sunde's assignments of error together, for ease of review.
 II. First Assignment of Error
"The trial court erred in its decision by never delineating which of the three (3) proposals that it used in determining that the `contract' was completed and the terms thereof."
 Second Assignment of Error
"The trial court erred in her decision in finding that there was substantial performance of the contract because there were only two days, during a several month period, that appellee had more than two men working, and the trial court ignored the fact that during the course of the work appellant had his own employees completing parts of the project."
 Third Assignment of Error
"The trial court erred in finding that appellee was entitled to an additional $5,592 on work that was not included in any contract and for which no estimate or billing was ever received."
 Fourth Assignment of Error
"The trial court erred in not awarding appellant any monies because appellant clearly and admittedly performed work on the instant project, which was not even considered by the trial court, including, but not limited to, working on the project both before and after the appellee left the project."
 {¶ 9} In his first assignment of error, Mr. Sunde avers that the trial court erred in finding the existence of a contract, claiming that there existed only "proposals," and not a contractual agreement evidencing a meeting of the minds. In his second and third assignments of error, Mr. Sunde asserts that the trial court erred in awarding money to Mr. Kent because Mr. Kent failed to substantially perform, and because there never existed a contract or bill that Mr. Sunde agreed to pay Mr. Kent. Lastly, Mr. Sunde avers that he should have been awarded money for the work that he did on the project both during and after Mr. Kent left the project.
 {¶ 10} Initially, we note the appropriate standard of review. When reviewing an appeal from a trial court's adoption of a magistrate's decision under Civ.R. 53(E)(4), we must determine whether the trial court abused its discretion in adopting the decision. Mealey v. Mealey (May 8, 1996), 9th Dist. No. 95CA0093. "Any claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision." Id. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd.,66 Ohio St.3d 619, 621, 1993-Ohio-122.
 {¶ 11} Civ.R. 53(E)(3)(c) governs objections to a magistrate's decision and states that "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." Our careful review of the record reveals that Mr. Sunde did not provide the trial court with a transcript of the trial proceedings before the magistrate, because the videotape of the hearing had allegedly been erased or taped over. Mr. Sunde noted in his objections to the magistrate's decision that the "court reporter has found that the transcript tape has been erased." The trial court also noted this fact in the judgment entry from which Mr. Sunde now appeals to this Court, stating that although "[t]here is nothing in the Court file which indicates the unavailability of a videotape of this hearing before the magistrate[,] * * * for the purposes of dealing with * * * the objections, the Court will consider the assertion by [Mr. Sunde's] counsel that the videotape was erased or taped over as true."
 {¶ 12} The trial court went on to state that for its disposition of Mr. Sunde's objections, it reviewed the magistrate's decision, all exhibits admitted into evidence in the case, and the objections filed by the plaintiff. Without a transcript of the proceedings of the magistrate, the trial court was required to accept all of the magistrate's findings of fact as true and only review the magistrate's conclusions of law based upon the accepted findings of fact. Conley v.Conley, 9th Dist. No. 21759, 2004-Ohio-1591, at ¶ 7, citing Brown v.Brown (Apr. 4, 2001), 9th Dist. No. 20177. It follows that this Court must do the same. Galewood v. Terry Lumber Supply Co., 9th Dist. No. 20770, 2002-Ohio-947, at ¶ 10, citing Melendez v. Mankis (Dec. 15, 1999), 9th Dist. No. 98CA007091.
 {¶ 13} Additionally, it is the appellant's duty to ensure that the record contains what is necessary for review on appeal. State v.Sugalski, 9th Dist. No. 02CA0054-M, 2002-Ohio-6767, at ¶ 11, citing RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19; see, also, App.R. 9(B) and 10(A) and Loc.R. 5(A). After he filed his notice of appeal to this Court in the instant case, Mr. Sunde filed a motion for an App.R. 9 statement of facts, and proferred his own App.R. 9(C) statement. App.R. 9(C) provides that "[i]f no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means[.]" However, Mr. Kent objected to Mr. Sunde's proferred statement, claiming that it was not accurate representation of the facts of the case. The trial court then issued its own statement pursuant to App.R. 9(E). App.R. 9(E) provides the following, in pertinent part:
"(E) Correction or modification of the record. If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, * * * may direct that omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted."
This rule does not, however, provide a party with the authority to add materials to the record that were not before the trial court when it rendered its decision. See Alber Excavating, Inc. v. Romis (July 6, 1977), 9th Dist. No. 705; McGeorge v. McGeorge (May 22, 2001), 10th Dist. No. 00AP-1151.
 {¶ 14} In its subsequent judgment entry that set forth the court's App.R. 9(E) statement in this case, the trial court pronounced that it based its statement upon the findings of fact contained in the magistrate's decision, as well as a review of the notes taken by the magistrate during the proceedings. However, our careful review of the record reveals that these notes are not part of the record, and more importantly, were not part of the record that was before the trial court when the court was making a determination on Mr. Sunde's objections to the magistrate's decision. Therefore, the court's App.R. 9(E) statement in this case effectively supplements the record with materials that were not necessarily before the trial court when it rendered its decision on Mr. Sunde's objections to the magistrate's decision. See Alber, supra;McGeorge, supra. As such, the trial court's statement does not comply with App.R. 9(E), and we do not consider the statement in our further analysis of this case.
 {¶ 15} Since Mr. Sunde did not support his objections with a transcript of the proceedings before the magistrate, he could have, in the alternative, supported his objections with an affidavit of the evidence relied upon, as provided for in Civ.R. 53(E)(3)(c). However, it does not appear that Mr. Sunde provided such an affidavit with his objections. Additionally, the record does not reflect that the trial court heard additional evidence or held its own hearing in this case. See Civ.R. 53(E)(4)(b).
 {¶ 16} On appeal, Mr. Sunde's generally challenges the trial court's legal conclusion that, based upon the evidence presented before the magistrate, a contract existed between the parties. All of Mr. Sunde's assignments of error, however, involve challenges to the trial court's determinations based upon the evidence presented at trial. Absent a transcript or proper alternative, this Court cannot identify what evidence was actually produced by Mr. Sunde to support his arguments in favor of rejecting the magistrate's decision. Therefore, without an adequate record, we must presume the validity of the trial court's judgment on the magistrate's judgment entry. See Golden Hills Prop.,Ltd. v. Roth, 9th Dist. No. 21815, 2004-Ohio-2822, at ¶ 10, citingFerrone v. Kovack, 9th Dist. No. 3279-M, 2002-Ohio-3625, at ¶ 8. Thus, we are compelled to conclude that the trial court did not abuse its discretion when it adopted the magistrate's decision in this case. SeeMealey, supra. Accordingly, Mr. Sunde's first, second, third, and fourth assignments of error are overruled.
 III. {¶ 17} Mr. Sunde's first, second, third, and fourth assignments of error are overruled. The judgment of the Medina Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Baird, P.J., Whitmore, J., concur.
[1] The court also noted that Mr. Kent dismissed his claims for tortious interference and intentional infliction of emotional distress with prejudice.
[2] On February 24, 2003, Mr. Kent filed a motion to strike Mr. Sunde's objections, arguing that Mr. Sunde's objections refer to deposition testimony of Mr. Kent and Mr. Sunde, which was not offered and admitted at the hearing before the magistrate. In this judgment entry dated March 12, 2003, the trial court ruled that it would not consider the transcripts of the depositions of Mr. Kent and Mr. Sunde in its determination of Mr. Sunde's objections to the magistrate's decision, pursuant to Civ.R. 53(E)(4)(b).