OPINION
{¶ 1} Appellant, Beverly E. Jones, appeals the Youngstown Municipal Court's decision of February 25, 2004, adopting the magistrate's February 10, 2004, decision as a final order. The court held that Appellant failed to prove her claim by a preponderance of the evidence and entered judgment in Appellee's favor.
 {¶ 2} The matter stems from Appellant's small claims complaint filed against Appellee, Johns Plumbing. Appellant asserted that she retained Appellee for plumbing services, but that the services rendered were unacceptable. Her complaint sought relief for Appellee's alleged breach of contract and resultant damages.
 {¶ 3} The parties' arguments were presented to a Youngstown Municipal Court Magistrate on February 10, 2004. His decision in Appellee's favor was filed on February 12, 2004. The parties were issued notice of the magistrate's decision by regular mail on February 11, 2004.
 {¶ 4} Thereafter, the trial court adopted the magistrate's decision as its final order on February 25, 2004. According to the trial court's docket, neither party filed any objections to the magistrate's decision.
 {¶ 5} Appellant subsequently asked the trial court for a delayed appeal on April 2, 2004. Her request was denied.
 {¶ 6} Appellant thereafter filed a pro se notice of appeal to this Court on April 19, 2004. This Court, by way of journal entry dated May 25, 2004, allowed Appellant's seemingly untimely appeal since the trial court's docket does not reflect that the parties ever received notice of the trial court's February 25, 2004, decision adopting the magistrate's decision as its final order.
 {¶ 7} It should be noted that this Court's internal records reflect that Appellee has not filed a reply brief in the instant matter. Appellee did file what appears to be a pro se narrative statement of the facts and argument addressing the appeal. Appellee's four pages of "facts" and one exhibit were filed on May 19, 2004, before Appellant's "brief" was filed. Neither the docket nor Appellee's narrative reflect that it was served on Appellant. Thus, this Court will not consider Appellee's filing herein nor did we allow Appellee to present oral argument.
 {¶ 8} Appellant's argument on appeal consists of one and one-half handwritten pages of factual allegations. It contains no citations to the record or to caselaw. Appellant appears to be challenging the trial court's decision that she failed to establish that she was entitled to recover from Appellee by a preponderance of the evidence.
 {¶ 9} The plaintiff in a civil case has the burden to prove that she is entitled to recover by a preponderance of the evidence. Alazaus v.Haun (March 29, 2001), 7th Dist. No. 740. A preponderance of the evidence requires the plaintiff to establish, "evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not * * * or evidence which is more credible and convincing to the mind." Id. at 1, citing Black's Law Dictionary (6th Ed. Abr. 1991) 819.
 {¶ 10} "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion." App.R. 9(B). The party appealing has the responsibility to ensure that a transcript of evidence was prepared and filed for appeal. City of Brook Park v.French, 8th Dist. No. 82897, 2004-Ohio-2015.
 {¶ 11} There is no transcript of the underlying proceedings before this Court in the instant appeal. In the absence of a transcript of the evidence, App.R. 9(C) states:
 {¶ 12} "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App.R. 10, who may serve objections or propose amendments to the statement within ten days after service. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App.R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal."
 {¶ 13} There is likewise no statement of the evidence before this Court in this cause.
 {¶ 14} The Ninth District Court of Appeals in Sunde v. Kent, 9th Dist. No. 03CA0036-M, 2004-Ohio-3413, held that it was bound to presume the validity of the trial court's judgment affirming the magistrate's decision in that case since neither a transcript nor a proper alternative was presented to that court. Thus, it could not identify what evidence was actually produced by the homeowner at trial to support his arguments. Id. at ¶ 16.
 {¶ 15} Appellant's appeal in the instant matter challenges the trial court's determinations based upon the evidence presented at trial. The magistrate concluded that Appellant failed to prove her claim by a preponderance of the evidence. As in Sunde, supra, this Court cannot examine the evidence Appellant produced in support of her complaint at the trial court level absent a transcript or an appropriate alternative.
 {¶ 16} In addition, this Court cannot allow Appellant to retry the facts on appeal. A court of appeals' review in a direct appeal is limited to those materials in the record and the facts and evidence presented to the trial court. State v. Ishmail (1978), 54 Ohio St.2d 402,377 N.E.2d 500, 8 O.O.3d 405 paragraph one of the syllabus; Chupka v.Saunders (1986), 28 Ohio St.3d 325, 328, 504 N.E.2d 9.
 {¶ 17} In the absence of a transcript or a statement conforming to App.R. 9, this Court has no choice but to presume the validity of the trial court's judgment. Rosca v. Constantinescu, 8th Dist. No. 82493, 2004-Ohio-467; Salcedo v. Zdrilich, 7th Dist. No. 02 CA 38, 2003-Ohio-4607;In re Lomeli (1995), 106 Ohio App.3d 242, 245, 665 N.E.2d 765; Statev. Licitri (March 12, 1997), 9th Dist. No. 17981, 2;
 {¶ 18} Accordingly, Appellant's appeal lacks merit and is hereby overruled.
Donofrio, P.J., concurs.
Vukovich, J., concurs.